**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL ZAGORIA, On Behalf of Himself And All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>NEW YORK UNIVERSITY,<br><br><br>Defendant. | **Case No.: 1:20-CV-3610-GBD** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF DANIEL ZAGORIA'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF HIS COUNSEL AS INTERIM CLASS COUNSEL**</u>

# TABLE OF CONTENTS

INTRODUCTION AND FACTUAL BACKGROUND……………………..…………..………1

ARGUMENT………………………………………………………………..…………………3

I.  THE THREE RELATED CLASS ACTIONS AGAINST NYU SHOULD
    BE CONSOLIDATED……………………………………………..………………..………3

II. ZAGORIA'S COUNSEL SHOULD BE APPOINTED INTERIM CLASS
    COUNSEL…………………………………………………………………..…..…………..5

    A.  Zagoria's Counsel Has Done Work Superior To That Done By Counsel In
        The Related Cases To Properly Plead Claims In The Action…………..………..………..6

        1.  The *Rynasko* Plaintiff's Counsel Named A Plaintiff Who Lacks Standing
            To Bring Any Of The Asserted Claims, Thereby Undermining Any
            Claim By That Counsel To Be Appointed Interim Class Counsel…………..………..6

            a.  The *Rynasko* Plaintiff Is Not A Student And Hence Lacks
                Standing To Assert A Claim At Law For Breach Of Contract……………..……..7

            b.  The *Rynasko* Plaintiff Also Lacks Standing To Assert An Unjust
                Enrichment Claim.  That Right Belongs To The Students……………………….9

            c.  The *Rynasko* Plaintiff Lacks Standing To Assert Its Conversion Claim……..…10

        2.  The Plaintiffs In The Last-Filed *Morales* Action Are Former Students No
            Longer Enrolled At NYU Who Lack Standing To Obtain The Injunctive
            Relief They Seek Or Who Otherwise Lack An Appropriate Stake
            To Represent Currently Enrolled Full-Time NYU Students…………..………..11

            a.  The *Morales* Plaintiffs Lack Standing To See Any Injunctive Relief………….11

            b.  *Morales'* Second Named Plaintiff's Also Was Merely A Part-Time
                Student At NYU, Thereby Leaving Her With A Less Significant
                Stake In The Class Litigation Than Enrolled Full-Time NYU
                Students………………………………………………………………………13

        3.  By Contrast To *Rynasko* And *Morales*, The *Zagoria* Class Action
            Complaint Is Brought By A Currently Enrolled Full-Time NYU Student
            Who Has The Requisite Standing And Stake To Assert All Claims…………..……13

    B.  Zagoria's Counsel Possess A Wealth Of Experience In Class Action
        Litigation, Including Student Overcharge Classwide Litigation…………………..………15

1. Zagoria's Counsel's Skill And Expertise Has Been Recognized
   By This Court and Courts Across The Country...........................................15

2. While Experienced, Counsel In The Related And Last-Filed
   *Morales* Action Has A Track Record That Raises Questions...........................17

3. Zagoria's Counsel Have The Resources And Commitment To Invest
   In This Case To Zealously Represent The Interests Of The Absent
   Class Members...........................................................................................19

CONCLUSION.................................................................................................19

**Cases:**

*Fox v. Board of Trustees of State University of New York*,
42 F.3d 135 (2d Cir. 1994)………………………………………………....……..13

*Hayut v. State Univ. of New York*,
127 F. Supp.2d 333 (S.D.N.Y. Dec. 18, 2000)……………………………..…………13

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
240 F.R.D. 56 (E.D.N.Y. 2006)……………………………………………….5, 6

*In re Apple iPod iTunes Antitrust Litig.*,
2008 WL 5574487 (N.D. Cal. Dec. 22, 2008)…………………………………...17

*In re China XD Plastics Co. Limited Sec. Litig.*,
2016 WL 1241522 (S.D.N.Y. Mar. 23, 2016)……………………………….………4

*In re LIBOR–Based Fin. Instruments Antitrust Litig.*,
2011 WL 5980198 (S.D.N.Y. Nov. 29, 2011)………………………………………5

*In re MF Global Holdings Ltd. Investment Litig.*,
286 F.R.D. 220 (S.D.N.Y. 2012)……………………………………………….…..5

*In re MTBE Prods. Liab. Litig.*,
209 F.R.D. 323 (S.D.N.Y. 2002)……………………………………...…………13

*Jakobsen v. Aphria, Inc.*,
2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019)……………………………...……...……4

*Johnson v. Smithkline Beecham Corp.*,
2016 WL 4426164 (E.D. Pa. Aug. 10, 2016)…………….………………………………18

*Johnson v. SmithKline Beecham Corp.*,
2018 WL 9536806 (E.D. Pa. Feb. 26, 2018)…………………………………………18

*MD-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*,
418 F.3d 168 (2d Cir. 2005)………………………………………………..10

*National Auto Brokers Corp. v. General Motors Corp.*,
60 F.R.D. 476 (S.D.N.Y. 1973)………………………………………..…………13

*Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*,
102 F.3d 660 (2d Cir. 1996)………………………………………………..10

*Park v. The Thomson Corp.*,
2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008)……………………………………...………16

*Police Benevolent Ass'n of NY State Police v. State of New York*,
79 Misc. 334 (1974)………………………………………………………………………...8

*Seiden Assocs., Inc. v. ANC Holdings, Inc.,*
768 F. Supp 89 (S.D.N.Y 1991), *rev'd on other grounds* 959 F.2d 425 (2d Cir.1992)…………10

*Tawfilis v. Allergan, Inc.*,
2018 WL 4849716 (C.D. Cal. Aug. 27, 2018)…………………………………………16, 19

*Villa v. San Francisco Forty-Niners, Ltd.*,
No. 5:12-cv-5481-EJD (N.D. Cal. Nov. 17, 2016)……………………………...……...17, 19

*Vizzi v. Mitsubishi Motors North America, Inc.*,
2010 WL 11508375 (C.D. Cal. Mar. 29, 2010)………………………………………………16

*Xialou Peter Yu v. Vassar College*,
97 F. Supp.3d 448 (S.D.N.Y. 2015)……………………………………………………...…7

## Treatises And Other Texts:

Manual for Complex Litigation (Fourth) § 21.11 (2004)…………………………...………5

Restatement (Third) Restitution, § 47…………………………………………………………9

22A N.Y. Jur.2d Contracts § 552………………………………………………...……..9

## Federal Rules:

Fed. R. Civ. P. 23(g)…………………………………………………………..passim

Fed. R. Civ. P. 42…………………………………………………………….……..3

**INTRODUCTION AND FACTUAL BACKGROUND.**

Plaintiff Daniel Zagoria moves for consolidation under Federal Rule of Civil Procedure 42(a) of the three pending related class actions filed against New York University ("NYU") and to appoint his counsel as Interim Class Counsel under Federal Rule of Civil Procedure 23(g)(3). The three pending actions are: *Rynasko v. New York University*, No. 1:20-cv-3250-GBD filed on April 24, 2020; *Zagoria v. New York University*, No. 1:20-cv-3610-GBD filed on May 8, 2020; and, *Morales v. New York University*, No. 1:20-cv-4418-GBD filed on June 9, 2020[1]. All three are now before the Honorable George B. Daniels. The pleadings in each case are attached as Exhibits 1-3 to the Katriel Declaration, respectively.

Consolidation is in order because all three cases raise similar claims against NYU stemming from that school's cessation of all in-person instruction and shutting of its campus facilities while not providing any tuition or fee reimbursement. These actions, therefore, raise sufficiently common questions of fact and law to merit consolidation.

Appointment of Zagoria's counsel as Interim Class Counsel is appropriate and justified. Interim Class Counsel can oversee the drafting of a Consolidated Amended Complaint, and an early appointment of lead counsel to speak for the interests of the absent class members will avoid the prospect of the absent class members receiving conflicting legal advice from different counsel—a circumstance already occurring.

As among all plaintiffs' counsel in the related actions, Zagoria's counsel are best suited to be appointed Interim Class Counsel. All firms possess the requisite experience in class action litigation, but Zagoria's counsel are the only ones who pled a Class Action Complaint naming as

---

[1] Zagoria's counsel is serving this motion and supporting papers on all counsel in all the related actions.

plaintiff a currently enrolled full-time NYU student who has standing to seek the entire relief being prayed for in the pleadings. *See Zagoria* Class Action Complaint, at ¶ 6. Rynasko's counsel, by contrast, filed an idiosyncratic complaint that does not even name *any* NYU student as plaintiff. Instead, the *Rynasko* action was filed by a parent of a purportedly affected NYU student. *See* Rynasko Class Action Complaint, at ¶ 10. But Rynasko's counsel's theory that a parent contracting with NYU for the benefit of her daughter's education has standing to bring a claim at law for breach of contract is foreclosed by New York law. New York law holds the opposite; standing to bring such a claim belongs to the intended third-party beneficiary (the student), a party-plaintiff the *Rynasko* action does not name and that Rynasko's counsel failed to include. *See* Argument Section II.A.1 *infra*. Similar fatal standing deficiencies doom each of Rynasko's remaining counts (for unjust enrichment and conversion) alleged in her Class Action Complaint. *Id*.

The *Morales* Class Action Complaint, filed over a month after *Rynasko*, fares little better. Morales' counsel sued without naming as plaintiff any currently enrolled NYU students. The lead plaintiff in that action, Serina Morales, graduated in May 2020 and is no longer a student at NYU— a fact that her counsel selectively omitted from the pleading. *See Morales* Class Action Complaint, at ¶ 7; Ex. 6 to Katriel Decl. (online resume of Serina Morales documenting she graduated from NYU in May 2020). The second named plaintiff, Adriana Guidry, also appears to be a former NYU student (allegations about her experiences at NYU are all stated in the past tense revealing no information about her enrollment dates or status) and while she was enrolled at NYU was only a part-time student. *Id.*, at ¶ 13. Despite not naming any currently enrolled NYU students as plaintiffs, *Morales'* counsel seek prospective injunctive relief. *Id*., at ¶ 63; *Id*. at Prayer for Relief, at ¶ E. But if neither of *Morales'* plaintiffs are enrolled at NYU, they plainly lack standing to seek that relief, making them and their counsel inadequate representatives to advocate for the interests

of the class. *See* Argument Section II.A.2 *infra*. And, because Guidry was merely a part-time student, she also lacks as great a stake in the litigation to be considered the most vigorous representative to advocate on behalf of a class largely comprised of full-time NYU students with much more riding on the outcome. *Id*.

Last, while all counsel are experienced in class action litigation, this is only the beginning of the inquiry. (Zagoria's counsel's firm resumes are attached as Exhibits 4-5 to the Katriel Declaration and for discussion of their experience *see* Argument Section II.B. *infra*). Review of *Morales'* counsel's history shows a troubling record of serious sanctions levied against it for dishonesty to the court and clients, frivolous litigation, and other misconduct that should cause any court pause before considering appointing that firm Interim Class Counsel. *See* Argument Section II.B.2 *infra*.

For the foregoing reasons, as detailed more fully below, Zagoria's motion for consolidation and appointment of his counsel as Interim Class Counsel should be granted.

## ARGUMENT

### I. THE THREE RELATED CLASS ACTIONS AGAINST NYU SHOULD BE CONSOLIDATED.

Federal Rule of Civil Procedure 42(a) provides:

a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The three related class actions against NYU pending before Judge Daniels—*Rynasko v. New York University*, *Zagoria v. New York University*, and *Morales v. New York University*—readily meet this standard and should be consolidated. All seek relief for NYU's decision to shut

down its campus facilities, cease all in-campus instruction, resort to a distance remote teaching model, and provide no tuition or fee reimbursement. All raise identical or similarly styled counts of breach of contract, unjust enrichment, or conversion. All claim to seek the same monetary and injunctive relief.

Under these circumstances, consolidation is in order. Consolidating the actions and appointing Interim Class Counsel to streamline the consolidation will avoid duplication of discovery, motions, and inconsistent rulings that may arise if the actions proceeded separately. In similar circumstances, this Court has not hesitated to consolidate what are clearly sufficiently similar cases. *See, e.g., Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *1 (S.D.N.Y. Mar. 27, 2019) (Daniels, J.,) (consolidating four related securities class actions that all stemmed from same set of public statements and appointing interim lead counsel); *In re China XD Plastics Co. Limited Sec. Litig.*, 2016 WL 1241522, at *3, n.9 (S.D.N.Y. Mar. 23, 2016) (Daniels, J.,) (referencing Court's decision to consolidate two class actions and appoint lead counsel).

That all three cases allege the same or overlapping claims means that common factual or legal questions will be before the Court in these three actions. These include: whether a contract between NYU and its students exists; whether a contract may be implied based on the parties' conduct; whether NYU's actions in shutting campus facilities and ceasing all in-person instruction amounts to a breach; whether NYU's actions amount to the intentional tort of conversion; and, what remedies are available as relief to the putative class members. Given these common questions, Rule 42(a) counsels in favor of consolidation.

Besides consolidation of the actions, Zagoria's counsel moves to be appointed Interim Class Counsel[2]. Zagoria's counsel has the superior claim to such an appointment among all three sets of plaintiffs' lawyers. Appointment of Interim Class Counsel now is appropriate to oversee the drafting on a Consolidated Amended Complaint and so the members of the putative class avoid getting conflicting legal advice from different counsel. That conflict is manifesting itself now: the *Rynasko* plaintiff's lawyers, for example, are advising students that their parents may be proper named plaintiffs when this is not the case and contrasts with the advice provided by *Zagoria's* counsel. So too, the *Morales* plaintiffs' counsel are advising that students who no longer are enrolled at NYU may nevertheless sue for prospective injunctive relief when this is not so. This contrasts with Zagoria's counsel's advice. Appointment of Interim Class Counsel now is appropriate so the interests of the putative class members may be represented by one voice. *See In re MF Global Holdings Ltd. Investment Litig.*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("The designation of interim class counsel is especially encouraged in cases ... where there are multiple, overlapping class actions that require extensive pretrial coordination.") (quoting *In re LIBOR– Based Fin. Instruments Antitrust Litig.,* 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) (*citing In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))).

## II. <u>ZAGORIA'S COUNSEL SHOULD BE APPOINTED INTERIM CLASS COUNSEL.</u>

Zagoria's counsel move to be appointed Interim Class Counsel under Rule 23(g). Under Rule 23(g)(3) of the Federal Rules of Civil Procedure, a court "may designate interim counsel to

---

[2] Zagoria is represented by The Katriel Law Firm, P.C. and The Kalfayan Law Firm, APC, as well as The Mehdi Firm acting as local counsel. The Katriel Law Firm and The Kalfayan Law Firm seek appointment as Interim Class Counsel.

act on behalf of a putative class before determining whether to certify the action as a class action."
Rule 23(g)(3) does not specify what factors courts are to use in selecting interim class counsel, but
a court may consider the factors enumerated in Rule 23(g)(1) relating to the selection of class
counsel more generally. *See In re Air Cargo Shipping Srvcs. Antitrust Litig.*, 240 F.R.D. at 57.
Under Rule 23(g)(1), a court is to consider "(i) the work counsel has done in identifying or
investing potential claims in the action; (ii) counsel's experience in handling class actions, other
complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the
applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R.
Civ. P. 23(g)(1). Here, those factors all support appointing Zagoria's counsel as Interim Class
Counsel.

### A. Zagoria's Counsel Has Done Work Superior To That Done By Counsel In The Related Cases To Properly Plead Claims In The Action.

With three pending related cases against NYU, the Court should assess the work performed
by plaintiffs' counsel in each action in determining which counsel should be appointed Interim
Class Counsel. As we show below, while the firms in the remaining related cases are undoubtedly
experienced, their pleadings raise serious questions about fundamental concepts of standing and
suitability to represent a class. Zagoria's counsel, by contrast, has pled the strongest complaint
with the best qualified named plaintiff who has standing to bring all the classwide claims asserted
in Zagoria's pleading. This militates in favor of appointing Zagoria's counsel as Interim Class
Counsel over counsel in the remaining related cases.

### 1. The *Rynasko* Plaintiff's Counsel Named A Plaintiff Who Lacks Standing To Bring Any Of The Asserted Claims, Thereby Undermining Any Claim By That Counsel To Be Appointed Interim Class Counsel.

The *Rynasko* Class Action Complaint asserts three causes of action: breach of contract,
unjust enrichment, and conversion. *See Rynasko* Class Action Complaint, at ¶¶ 40-61. The fatal

flaw dooming all these claims, as pled by *Rynasko's* plaintiff's counsel, is that the plaintiff they chose to bring these claims—a parent, not a student—lacks standing to assert any of them. That lack of standing, or at the very least the existence of serious questions about the *Rynasko* plaintiff's standing, undermines that plaintiff's counsel's bid to be Interim Class Counsel.

### a. The *Rynasko* Plaintiff Is Not A Student And Hence Lacks Standing To Assert A Claim At Law For Breach Of Contract.

The *Rynasko* action's main claim is a breach of contract count. This is not surprising, given that "[i]n New York, the relationship between a university and its students is contractual in nature." *Xialou Peter Yu v. Vassar College*, 97 F. Supp.3d 448, 481 (S.D.N.Y. 2015). The theory of *Rynasko*, like that of all the pending related cases against NYU, is that NYU breached a contractual duty by ceasing all in-person instruction and changing it to remote distance learning. *See Rynasko* Class Action Complaint, at ¶¶ 7, 25, 41-47. Thus, the claim is that the student who enrolled at NYU, believing she would get in-classroom instruction, received less than what she bargained for when NYU provided no in-person classes.

But the failure of *Rynasko's* pleading is that it never names a student as the plaintiff. Instead, it names a parent of a purportedly affected student. *Id.*, at ¶ 10 ("Plaintiff Christina Rynasko is a citizen of Florida who resides in Palm Beach County, Florida. Ms. Rynasko is the parent of NYU undergraduate student Emily Rynasko, and paid her daughter's tuition for the Spring 2020 semester."). *Rynasko's* theory apparently is that because the parent paid for the tuition to be provided by NYU to her daughter, the parent is the proper plaintiff to sue for breach of contract. This is not so.

What *Rynasko* alleges in terms of the named plaintiff is an intended third-party beneficiary contract. NYU is the promisor who agreed to provide the university instruction. The parent, Christina Rynasko (who is the sole named plaintiff) is the promisee who paid NYU tuition and

fees in exchange for NYU's promise it would provide certain instruction to the plaintiff's daughter, Emily Rynasko. The daughter, Emily, who is not a named plaintiff, is the donee intended third-party beneficiary of this contract.

The pertinent question therefore is who, as between the donee (student) and the promisee (parent), has standing to seek money damages as relief for any contractual breach by the promisor (NYU). The law in New York, as in virtually every other jurisdiction, is clear—the claim at law for breach of contract belongs to the donee intended third-party beneficiary, not the promisee, the latter having a claim at most only for specific performance:

> On the first issue, the claimant contends that it has a right to maintain an action on behalf of its membership. The courts of New York State have continually maintained that if the promisee suffers no more than nominal damages, any action at law would be inadequate, and, therefore, a promisee is entitled to a decree in equity of specific performance. Accordingly, the association's only adequate remedy lies in equity for specific performance enforcing the collective bargaining agreement. ***The right to maintain an action at law for money damages belongs to those members of the association, who have been allegedly damaged by the action of the State. As third-party beneficiaries of the collective bargaining agreement, these employees have a right to institute legal action***.

*Police Benevolent Ass'n of NY State Police v. State of New York*, 79 Misc. 334, 337-38 (1974) (emphasis added, internal cites omitted).

Here, the student was the party who was deprived of the educational services promised by NYU. *See Rynasko* Class Action Complaint, at ¶ 10 ("Emily Rynasko is a musical theater major at NYU's Tisch School of the Arts. Online classes are particularly ineffective and inadequate for musical theater majors, who cannot participate in required performances, receive in-person feedback/critique, or partake in the facilities necessary to perform."). The student as the third-party beneficiary of the contract between her parent and NYU is the only one with standing to seek money damages for this alleged breach. Any other result is contrary to law and would expose NYU to duplicative damages. Yet, the *Rynasko* Class Action Complaint does not name *any* student

as a party-plaintiff, despite seeking money damages as the main form of relief. As the foregoing authorities make clear, Christina Rynasko, the parent named-plaintiff in *Rynasko*, lacks standing to seek money damages for NYU's alleged breach of contract. That right belongs to the students (which the *Rynasko* Class Action Complaint does not name as a party plaintiff).

> **b.** **The *Rynasko* Plaintiff Also Lacks Standing To Assert An Unjust Enrichment Claim. That Right Belongs To The Students.**

The same standing problem plagues the *Rynasko* Class Action Complaint's alternative plea for restitution under an unjust enrichment claim (Count II). New York, like virtually all jurisdictions, follows the Restatement (Third) of Restitution. Like its contract counterpart, the unjust enrichment body of law is to the same effect; namely, that the right to restitution under unjust enrichment or quasi-contract belongs to the intended third-party beneficiary, not the promisee-payor:

> If a third person makes a payment to the defendant in respect of an asset belonging to the claimant, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment.

Restatement (Third) Restitution, § 47; *see* 22A N.Y. Jur.2d Contracts § 552 (same).

Here, the claimant—the only party with a claim to receive instruction from NYU—is the student (the parent never being enrolled at the university has no claim for receipt of any educational services). As the Restatement makes clear, the claim for restitution when services are not performed belongs not to the third-party payor (*i.e.,* the parent) but, instead, "the claimant (*i.e.,* the student) is entitled to restitution from the defendant as necessary to prevent unjust enrichment." *Id*.

That identical result under an unjust enrichment theory as under a breach of contract claim is hardly surprising given the Second Circuit's explanation that a cause of action for "unjust enrichment" is not a freestanding claim but merely a claim in quantum meruit amounting to an

uncompleted contract. *See MD-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("Applying New York law, we may analyze quantum meruit and unjust enrichment together as a single quasi contract claim."); *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 663 (2d Cir. 1996) (citing *Seiden Assocs., Inc. v. ANC Holdings, Inc.,* 768 F. Supp 89, 96 (S.D.N.Y. 1991) (explaining that "quantum meruit and unjust enrichment are not separate causes of action," and that "unjust enrichment is a required element for an implied-in-law, or quasi contract, and quantum meruit, meaning 'as much as he deserves,' is one measure of liability for the breach of such a contract"), *rev'd on other grounds,* 959 F.2d 425 (2d Cir. 1992)).

The *Rynasko* complaint's unjust enrichment claim therefore is equally doomed as its breach of contract count because both are brought by an inadequate plaintiff. Christina Rynasko, the parent that the *Rynasko* plaintiff's counsel named as the sole plaintiff class representative, lacks standing to pursue either claim and the *Rynasko* Class Action Complaint neglects to name the actual party (an NYU student) having standing to assert them.

### c. The *Rynasko* Plaintiff Lacks Standing To Assert Its Conversion Claim.

The *Rynasko* Class Action Complaint fares no better in its conversion claim (Count III). Once again, that pleading's naming the parent as the party-plaintiff instead of the student leaves the *Rynasko* complaint with a plaintiff who lacks standing to assert the claim being alleged. For the conversion claim, this is readily confirmed by even cursory review of that count's allegations. Therein, the *Rynasko* Class Action Complaint alleges that the plaintiff had her property interest converted by NYU's wrongful actions in ceasing all in-person instruction and changing to a remote distant learning offering. Rynasko's Class Action Complaint alleges that:

Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services *they were supposed to be provided* in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

*Rynasko* Class Action Complaint, at ¶ 56 (emphasis added).

But this allegation, crucial to the *Rynasko* conversion claim, shows the total disconnect between its allegations and the plaintiff named in that pleading. Christina Rynasko, the only named plaintiff, was not "supposed to be provided" with any education by NYU. *Id.* She was never an enrolled student; she was a parent. The parties to whom the educational services "were supposed to be provided," were the students. If there is any conversion here, therefore, it is conversion of the *students'* interest or expectation to receive certain education they did not actually get from NYU.

Once again, Rynasko's counsel named the wrong plaintiff for the claim being asserted. As it stands, the entire *Rynasko* action is pled on behalf of a plaintiff who lacks standing to assert any of the claims alleged in that Class Action Complaint. At the very least, the idiosyncratic manner in which *Rynasko's* counsel pled that action raises serious questions about their client's standing, making that counsel a poor candidate to serve as Interim Class Counsel on behalf of the putative class.

> **2. The Plaintiffs In The Last-Filed *Morales* Action Are Former Students No Longer Enrolled At NYU Who Lack Standing To Obtain The Injunctive Relief They Seek Or Who Otherwise Lack An Appropriate Stake To Represent Currently Enrolled Full-Time NYU Students.**

>> **a. The *Morales* Plaintiffs Lack Standing To Seek Any Injunctive Relief.**

The recently and last-filed related action, *Morales*, raises obvious standing issues of its own. This is because that Class Action Complaint was brought by *former* NYU students. The first-named plaintiff, Serina Morales, graduated NYU in May 2020—something that her counsel selectively omitted from the pleading. *See* Ex. 6 to Katriel Decl. (online resume of Serina Morales

documenting her graduation from NYU in May 2020). And, the complaint's allegations about the second-named plaintiff, Adriana Guidry, are purposefully vague, providing no dates for her NYU enrollment, but are drafted in the past tense thereby suggesting she also no longer is enrolled in the school. *See Morales* Class Action Complaint, at ¶13 ("Plaintiff [Guidry] *was* enrolled as a part-time student for the Spring 2020 academic term at Defendant. Plaintiff *was* in good financial standing at Defendant, having paid in whole or in combination tuition, fees, costs, and/or room and board charges assessed and demanded by Defendant for the Spring 2020 term") (emphasis added); *id.*, at ¶ 17 ("Further, as a student enrolled in Defendant's Drama program, in-person access to peers and facilities *were* critically important to her education. However, with the shift to remote learning, Plaintiff Guidry lost access to school spaces and opportunities which she would otherwise have accessed.") (emphasis added)[3].

Former students who no longer are enrolled at NYU lack standing to seek any injunctive relief or to seek damages for any semesters going forward in which NYU may fail to provide in-person instruction. *See Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994) ("The [injunctive] relief sought in the Complaint could provide no legally cognizable benefits to Plaintiffs once they had left the SUNY system."); *Hayut v. State Univ. of New York*, 127 F. Supp.2d 333, 336, n.4 (S.D.N.Y. Dec. 18, 2000) ("Because plaintiff is no longer a student at SUNY–New Paltz, her tenth cause of action for injunctive relief must be dismissed as moot."). Yet, *Morales'* counsel is adamant that the *Morales* Class Action Complaint seeks precisely such prospective relief. *See Morales* Class Action Complaint, at ¶ 63 (confirming that complaint seeks "appropriate final injunctive relief and declaratory relief regarding the Class under

---

[3] Even if it were ultimately shown that Plaintiff Guidry was still enrolled at NYU, the *Morales* Class Action Complaint's failure to so plead means that it alleges insufficient facts to satisfy its named plaintiffs' standing to seek any prospective relief.

Rule 23(b)(2)."); *id.*, at Prayer for Relief, ¶ E (praying for "Other appropriate injunctive relief as permitted by law or equity, including an order enjoining Defendant from retaining refunds for tuition, fees, and/or room and board.").

### b. *Morales'* Second Named Plaintiff's Also Was Merely A Part-Time Student At NYU, Thereby Leaving Her With A Less Significant Stake In The Class Litigation Than Enrolled Full-Time NYU Students.

Further undermining any claim by *Morales'* counsel to an appointment as Interim Class Counsel is that *Morales'* second named-plaintiff, Adriana Guidry, was merely a part-time student at NYU. She therefore lacks the same stake in any monetary relief being sought to vigorously and fully represent interests of the putative class members as currently enrolled full-time students with a lot more riding on the outcome and in any classwide recovery that may be obtained. *See National Auto Brokers Corp. v. General Motors Corp.*, 60 F.R.D. 476, 487-88 (S.D.N.Y. 1973) ("Their financial stake is minimal. There is no assurance whatever that either of these parties would act as responsible or forceful class representatives."); *see also In re MTBE Prods. Liab. Litig.*, 209 F.R.D. 323, 340 (S.D.N.Y. 2002) ("There is also a serious concern as to whether the named plaintiffs' stake in the action is substantial enough, relative to class members who suffered personal injury, to prosecute this action vigorously on behalf of absent class members.").

### 3. By Contrast To *Rynasko* And *Morales*, The *Zagoria* Class Action Complaint Is Brought By A Currently Enrolled Full-Time NYU Student Who Has The Requisite Standing And Stake To Assert All Claims.

Unlike *Rynasko* and *Morales*, whose pleadings present issues of standing or the suitability of those named plaintiffs to represent any class, the *Zagoria* Class Action Complaint poses none of these obstacles. That action is brought by Plaintiff Daniel Zagoria, a full-time enrolled NYU student. *See Zagoria* Class Action Complaint, at ¶ 6 ("Plaintiff Daniel Zagoria is a resident of New York and attends NYU. He is scheduled to graduate at the end of the summer semester of

2020 with a Master of Science Degree in Real Estate Investment and Finance."). Unlike the named plaintiffs in the remaining related cases, Zagoria has standing to seek the entire monetary and injunctive relief pled on behalf of the class of NYU students.

Moreover, Zagoria's ongoing status as an enrolled NYU student also means he can and does plead a larger class period. *Morales* defines a class definition limited only to NYU students who enrolled at NYU "during the Spring 2020 term who paid Defendant," (*Morales* Class Action Complaint, at ¶ 60) because that complaint's named plaintiffs no longer are enrolled at NYU. By contrast, Plaintiff Zagoria also can and does seek classwide relief for any semesters going forward in which NYU may continue to fail to deliver the benefit of the students' bargain. *See Zagoria* Class Action Complaint, at ¶ 27 (class defined as all "students enrolled at NYU who pay or are obligated to pay any tuition or fees and *any students enrolled at NYU in any future summer session or semester* in which NYU does not provide access to its campus facilities or on-campus instruction yet continues to charge full tuition and fees without any proration.") (emphasis added). Zagoria's status as a full-time enrolled NYU student enables him to seek this broader relief going forward whereas the plaintiffs in the remaining related cases are foreclosed from seeking that relief (either because they are no longer enrolled at NYU (*Morales*) or because they never were NYU students to begin with (*Rynasko*)).

The foregoing discussion and cited authorities confirm that Zagoria's counsel researched and crafted the class action complaint best suited to advance the interests of the class. Zagoria's counsel therefore have the best claim to be appointed Interim Class Counsel. Given the real questions about the standing of the named plaintiffs in the remaining related questions, it would be untenable to appoint counsel in those actions Interim Class Counsel when those counsel's

representation of any client who actually has standing to represent the classwide claims being asserted is subject to real dispute.

**B.     Zagoria's Counsel Possess A Wealth Of Experience In Class Action Litigation, Including Student Overcharge Classwide Litigation.**

**1.     Zagoria's Counsel's Skill And Expertise Has Been Recognized By This Court and Courts Across The Country.**

Appointment of Zagoria's counsel—The Katriel Law Firm and The Kalfayan Law Firm—as Interim Class Counsel also is supported by these firms' vast experience in handling class actions, including several similar class actions.  Zagoria's counsel is counsel in several student overcharge class actions across the country.  *See* Katriel Decl., at ¶ 8.  They were the first firm to file a class action against The Regents of the University of California on behalf of University of California students whose school campuses also shut down and shifted to a remote distance instruction format.  *Id.*  They also were the first to file a class action against the University of Southern California ("USC") on behalf of USC students asserting similar claims as those being alleged here. *Id.*  But, these firms' experience in litigating student overcharge class actions is hardly of recent vintage.  Over 10 years ago, The Katriel Law Firm successfully litigated before this Court a student overcharge class action on behalf of law students nationwide who accused their bar examination course provider, BAR/BRI, of exacting an antitrust overcharge on the student class.  In approving the multi-million dollar classwide settlement secured by The Katriel Law Firm, Judge Pauley commented as to the quality of representation: "Class Counsel [The Katriel Law Firm] have provided extremely high-quality representation." *Park v. The Thomson Corp.*, 2008 WL 4684232, at *6 (S.D.N.Y.  Oct. 22, 2008) (Pauley, J.,).

The firms' track record and experience in class action and complex litigation is documented in their respective firm resumes, which are attached as Exhibits 4 and 5 to the Katriel Declaration.

*See* Exs. 4 and 5 to Katriel Decl. These resumes confirm the broad range of class action expertise and successful litigation results. Courts across the country have singled out Zagoria's counsel's skill in complex classwide litigation. A recent order by Judge Josephine L. Staton of the United States District Court for the Central District of California is illustrative:

> Class Counsel [The Katriel Law Firm and The Kalfayan Law Firm] also demonstrated exceptional skill in litigating this case. Over the course of the nearly four years of litigation in one of the most complicated areas of the law, Class Counsel investigated hundreds of thousands of pages of written discovery produced by Allergan, took fourteen international fact depositions, participated in twelve expert depositions, and pored over the 25 expert reports that were ultimately submitted. . . . the quality of Class Counsel's work is further evidenced by the favorable settlement achieved.

*Tawfilis v. Allergan, Inc.*, 2018 WL 4849716, at *5 (C.D. Cal. Aug. 27, 2018) (granting final approval to class action settlement secured by The Katriel Law Firm and The Kalfayan Law Firm).

Other judges have similarly commented on the expertise and quality of representation offered by Zagoria's counsel in other successful class litigation. *See Vizzi v. Mitsubishi Motors North America, Inc.*, 2010 WL 11508375, at *2 (C.D. Cal. Mar. 29, 2010) ("First, class counsel must be experienced, competent, and able to pursue the claim with 'vigor.' . . . . As discussed in the Court's order granting preliminary approval, the Court is sufficiently impressed with the experience and competency of class counsel, The Katriel Law Firm and [its co-counsel]."); *Villa v. San Francisco Forty-Niners, Ltd.*, No. 5:12-cv-5481-EJD (N.D. Cal. Nov. 17, 2016), Dkt. No. 167, at ¶8 (Order approving attorneys' fees and costs award after final approval of classwide settlement: "Although Class Counsel [The Katriel Law Firm and The Kalfayan Law Firm] do not seek such a multiplier in the first instance, the Court finds that Class Counsel would be entitled to such a multiplier given the contingent fee nature of this four year litigation, the number of different defendants (33) against whom Class Counsel litigated, the complexities and unprecedented nature of the legal claims asserted here, and the outstanding results achieved, including the real potential

for full reimbursement and trebling by way of settlement payment for many class members."); *In re Apple iPod iTunes Antitrust Litig.*, 2008 WL 5574487, at \*9 (N.D. Cal. Dec. 22, 2008) (appointing The Katriel Law Firm and its co-counsel as Co-Lead Class Counsel).

And, Ralph Kalfayan's expertise, includes his and his firm's prominent role in *In Re Cipro I and II*, JCCP 4154 and 4220, (Calif. Super.), a groundbreaking antitrust class action successfully litigated all the way to the California Supreme Court. It resulted in a published opinion setting the standard for pay-for-delay cases under the Cartwright Act for the State of California. Ultimately, on remand, the case resolved for over $400 million globally with all defendants and over $100 million in attorneys' fees.

The expertise, experience, and track record of Zagoria's counsel, and the work and effort they already invested, all favor appointing The Katriel Law Firm and The Kalfayan Firm as Interim Class Counsel.

**2.      While Experienced, Counsel In The Related And Last-Filed *Morales* Action Has A Track Record That Raises Questions.**

Juxtaposed against Zagoria's counsel's record, the Court also should consider the track record of counsel in the two related cases. While these firms undoubtedly are experienced in class action litigation and may be of a larger size than Zagoria's counsel, other aspects of these firms' records raise questions. Class counsel should be beyond reproach, as that counsel represents not only the named plaintiff who hired the attorneys but the interests of absent class members without an opportunity to oversee the workings of class counsel. Here, however, counsel in *Morales*, the law firm of Hagens Berman Sobol Shapiro, have been sanctioned (sometimes repeatedly) with very damning findings of what a court-appointed Special Master called dishonesty and sham filings:

I had concluded not only that Hagens Berman acted in bad faith in its pursuit of those three Plaintiffs' claims but also, remarkably, that Hagens Berman had made and pursued new and additional misrepresentations in the very course of opposing the sanctions motions. (Master's Sanctions Report, 2014 WL 6851277 at *6-*8), and Judge Diamond noted this more recent evidence of Hagens Berman's shortcomings as annalist in his Memorandum. Dkt. 420 at 4. The Judge also explained his rejection of Hagens Berman's jurisdictional objections and its attorney-client privilege objections (noting that I had yet to ask my first question).

*Johnson v. Smithkline Beecham Corp.*, 2016 WL 4426164, at *9 (E.D. Pa. Aug. 10, 2016) Report of Special Master appointed by federal district judge); *see id.*, at *7 ("At argument, Hagens Berman argued vocally against any sanctions with respect to its conduct in pursuing Messrs. Merica and Boiardi's claims but, remarkably, conceded that sanctions should be awarded with respect to its continued prosecution of Plaintiff Garza's claims.").

The events leading to the repeated sanctions findings against Hagen Berman in that litigation should cause any court pause:

A law firm has submitted documented evidence suggesting that one of its attorneys testified falsely as a witness and placed a counterfeit document in evidence. The evidence suggests that: The attorney, Tyler S. Weaver, falsified two expert reports. He palmed one of them off on his client as genuine in an unsuccessful effort to persuade her to drop tort claims that the firm, Hagens Berman Sobel Shapiro LLC ("Hagens Berman"), no longer wished to pursue on her behalf. Years later, he swore in court that the fraudulent document was genuine, and it was received in evidence.

At this point, we know very little about the second sham expert report, except that the subject of the altered report, a different client of Hagens Berman, agreed to the dismissal of her claims.

*Johnson v. SmithKline Beecham Corp.*, 2018 WL 9536806, at *1 (E.D. Pa. Feb. 26, 2018) (Report of Special Discovery Master).

While we do not quarrel with the class action experience of *Morales'* counsel, the record of serious sanctionable offenses documented above should be considered by this Court in deciding which firm to appoint as Interim Class Counsel.

### 3. Zagoria's Counsel Have The Resources And Commitment To Invest In This Case To Zealously Represent The Interests Of The Absent Class Members.

Last, appointment of The Katriel Law Firm and The Kalfayan Law Firm as Interim Class Counsel is merited because these firms indisputably have the resources and commitment to allocate the required investment to zealously represent the interests of the absent class members. This much is borne out by the track record of previous final approval and fee award orders that document the significant out-of-pocket expenses that each firm incurred in litigating complex class actions. *See, e.g., Tawfilis*, 2018 WL 4849716, at *7 (noting that The Katriel Law Firm and The Kalfayan Firm incurred $1,101,193.10 in out-of-pocket litigation costs that "were adequately documented and reasonable."); *Villa*, 5:12-cv-5481-EJD (N.D. Cal. Nov. 17, 2016), at Dkt. No.167, ¶ 3 (noting that The Katriel Law Firm and The Kalfayan Firm expended $847,184.64 in out-of-pocket litigation expense). This factor also militates in favor of appointing Zagoria's counsel—The Katriel Law Firm and The Kalfayan Firm—as Interim Class Counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff Daniel Zagoria's motion to consolidate the related cases and appoint his counsel as Interim Class Counsel should be GRANTED.

Dated: June 16, 2020      Respectfully submitted,


THE MEHDI FIRM

/s/ Azra Mehdi _____

Azra Mehdi (AM-9719)
**THE MEHDI FIRM, P.C.**
347 5th Avenue, Suite 1402
New York, NY 10016
Telephone: (415) 293-8039
e-mail: azram@themehdifirm.com

Roy A. Katriel, Esq. (*pro hac vice* to be filed)
**THE KATRIEL LAW FIRM, P.C.**
2262 Carmel Valley Road, Suite 201
Del Mar, CA 92014
Telephone: (619) 363-3333
e-mail: rak@katriellaw.com

Ralph B. Kalfayan, Esq. (*pro hac vice* to be filed)
e-mail: ralph@rbk-law.com
Veneeta Jaswal, Esq. (*pro hav vice* to be filed)
e-mail: veneeta@rbk-law.com
**THE KALFAYAN LAW FIRM, APC**
2262 Carmel Valley Road, Suite 200
Del Mar, CA 92014
Telephone: (619) 232-0331
Facsimile: (619) 232-4019

*Counsel for Plaintiff Daniel Zagoria and the*
*Putative Class*