UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ZAGORIA, On Behalf of Himself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>NEW YORK UNIVERSITY,<br><br>      Defendant.<br><br>Related Cases<br>*Rynasko v. New York University,*<br> No. 1:20-cv-03250-GBD<br>*Morales et al v. New York University,*<br> No. 1:20-cv-04418-GBD<br>*Romankow v. New York University,*<br> No. 1:20-cv-04616-GBD | No. 1:20-cv-03610-GBD<br><br>Judge George B. Daniels |

### JOINT RESPONSE BY PLAINTIFFS RYNASKO, MORALES, AND GUIDRY TO PLAINTIFF ZAGORIA'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF HIS COUNSEL AS INTERIM CLASS COUNSEL

### INTRODUCTION

Plaintiffs Christina Rynasko, Serina Morales and Adriana Guidry agree that consolidation of the four related actions currently pending against Defendant New York University should occur. However, they take issue with Plaintiff Zagoria's motion for a host of other reasons, particularly his request that his counsel, and only his counsel, be appointed interim class counsel. Ultimately, a comparison of firm qualifications and successes, including successes in this district, quickly tips the Rule 23(g) appointment factors in their favor of their counsel, Bursor & Fisher and Hagens Berman. *See generally* Plaintiffs' Rynasko, Morales, and Guidry's Motion for Appointment of Interim Class Counsel (contemporaneously filed in the first-filed *Rynasko v. New York University*, No. 1:20-cv-03250-GBD matter). The results of this comparison, coupled

1

with the fact that they will work cooperatively to protect and advance the claims (without seeking to exclude others through misguided and/or *ad hominem* attacks), confirms that Bursor & Fisher and Hagens Berman are the firms best able to protect and advance the interests of ***all*** plaintiffs and class members.

## ARGUMENT

Plaintiffs Rynasko, Morales and Guidry agree that consolidation of all related cases against Defendant should occur. However, they respectfully request that the Court reject Plaintiff Zagoria's request that his counsel, and only his counsel, be appointed as interim lead counsel. Such an insulated approach to case leadership appointment ignores the extensive resources, strengths and qualifications Bursor & Fisher and Hagens Berman will bring to the litigation. Moreover, other factors further justify appointment of Bursor & Fisher and Hagens Berman as interim lead counsel.

I. **ALL FOUR RELATED ACTIONS PENDING AGAINST NEW YORK UNIVERSITY SHOULD BE CONSOLIDATED**

First, Plaintiff Zagoria filed his motion without determining the position regarding consolidation from counsel for Plaintiffs Rynasko, Morales and Guidry.[1] While no specific meet and confer requirement exists in this district for non-discovery motions, *see generally* Local Civ. R. 37.2, efficiency and cooperation demand some level of communication and coordination between counsel. Manual Complex Lit. § 10.22 (4th ed.) ("In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be

---

[1] The record in *Zagoria* does not indicate that Plaintiff Zagoria served counsel in the fourth filed case with a copy of his motion papers. *See generally* Dkt. # 10. Plaintiffs Rynasko, Morales and Guidry have contemporaneously served a copy of their filings on (1) Keara Gordon of DLA Piper, who Plaintiffs' counsel understand will be defending this case, and (2) counsel for Plaintiffs in the *Romankow* matter.

2

encouraged."). Had his counsel done so, Plaintiff Zagoria could have represented that aspect of his motion was supported by other plaintiffs.

Nevertheless, Plaintiffs Rynasko, Morales, and Guidry agree that consolidation should occur under Rule 42(a). While Plaintiff Zagoria seeks to consolidate only *three* actions, a fourth action, *Romankow v. New York University,* No. 1:20-cv-04616-GBD, filed on the same day as Plaintiff Zagoria's motion, also covers the same subject matter.[2] *See generally* Marchese Decl., Ex. A (*Romankow* Class Action Complaint). All four cases name the same defendant, raise the same concerns arising out of defendant's campus closure and transition to online-only classes, and all are pending before this Court. *See id.* Under the facts before the Court, consolidation is appropriate. *Genomma Lab USA, Inc. v. Carruitero*, No. 16 CIV. 6962 (GBD), 2017 WL 3911035, at *7 (S.D.N.Y. Aug. 23, 2017) ("'The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.'") (quoting *Devlin v. Transportation Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999)).

II.     **THE COURT SHOULD DENY PLAINTIFF ZAGORIA'S REQUEST TO APPOINT HIS ATTORNEYS – AND ONLY HIS ATTORNEYS - AS SOLE INTERIM LEAD COUNSEL**

Second, Rule 23 provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.

---

[2] Even though Plaintiff Zagoria's did not move to consolidate *Romankow* with the first three actions, the Court possesses the discretion to consolidate related cases *sua sponte*. *See Syville v. New York City of New York,* No. 20CV570LTSSDA, 2020 WL 2508788, at *3 (S.D.N.Y. May 15, 2020) ("'A district court can consolidate related cases under [Rule 42(a)] sua sponte.'") (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)) (alteration in original).

23(g)(3). "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). While Plaintiffs Rynasko, Morales and Guidry support the appointment of interim class counsel, they oppose Plaintiff Zagoria's request that only his counsel be appointed interim class counsel as further detailed below.

A.  **Rather Than Limiting Case Leadership To One Set of Firms From One Complaint, the Court Should Appoint Bursor & Fisher and Hagens Berman as Interim Class Counsel Given Their Record of Success, Experience, and Ability to Work Cooperatively With Others That Have Filed Cases Against NYU**

As further detailed in their separately filed motion, incorporated here by reference, Bursor & Fisher and Hagens Berman will best be able to represent the class. *See generally* Plaintiffs' Rynasko, Morales, and Guidry's Motion for Appointment of Interim Class Counsel (contemporaneously filed). Both firms are absolutely qualified to lead this litigation, possessing extensive experience with complex class action litigation, including trial experience. In addition, the firms have specific expertise in COVID-related litigation, a history of protecting the interests of students in successful cases across the country, as well as remarkable success litigating cases within the Southern District of New York. Moreover, in a case against NYU they will bring efficiencies as interim counsel with local attorneys included in their ranks, obviating the need for local counsel.

B.  **Plaintiff Zagoria's Efforts to Advance His Claims Over Other Plaintiffs Undercut His Request To Appoint His Counsel As Sole Interim Class Counsel**

While a comparison of the extensive qualifications across firms supports the appointment of Hagens Berman and Bursor & Fisher as interim class counsel, *see generally id.,* other important reasons exist that support a denial of Plaintiff Zagoria's winner-take-all appointment request.

First, the Manual for Complex Litigation directs that "[c]ounsel need to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among

4

fellow counsel and with the court." *See* Manual for Complex Litigation (4th) § 10.21. However, instead of acting cooperatively with Plaintiffs in other cases, Plaintiff Zagoria seeks to advance his own interests and that of his counsel over the claims of other Plaintiffs, including through *ad hominem* attacks. *See generally* Dkt. 8 at 6-15, 17-18. While plaintiffs (and plaintiffs' counsel) should act cooperatively to protect the claims and interests of **all** named Plaintiffs and the class members, Plaintiff Zagoria spends the bulk of his motion advancing ***defendant's*** arguments, offering what reads as a motion to dismiss in some parts and an opposition to a motion for class certification in others. *See generally* Dkt. 8 at 7-15. Plaintiffs Rynasko, Morales and Guidry disagree with such arguments.

Plaintiff Zagoria's attacks on counsel as well as on the claims and suitability of other Plaintiffs directly calls into question the ability of Plaintiff Zagoria and his counsel to represent and advance the claims of other Plaintiffs and the class members' claims. *See* Manual Complex Lit. § 10.224 (4th ed.) (noting the importance of assessing various factors when appointing counsel, including "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case"). After consolidation, Plaintiffs Rynasko, Morales and Guidry's respective claims will not disappear, so Plaintiff Zagoria's attacks raise the specter of prejudice that Plaintiff Zagoria will not pursue the cases and claims filed by Plaintiffs Rynasko, Morales and Guidry. *See Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F. Supp. 2d 587, 592 (S.D.N.Y. 2012) ("'Consolidation under Rule 42(a) is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties.'") (quoting *Cole v. Schenley*

*Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977)); 9A Fed. Prac. & Proc. Civ. § 2385 (3d ed.) ("The district judge is responsible for seeing to it that the trial of consolidated actions will be conducted in a manner that is not prejudicial to any of the parties."). As a result, appointment of Bursor & Fisher and Hagens Berman as interim class counsel is necessary to protect the interests of ***all*** plaintiffs and class members, not just those that Plaintiff Zagoria deems worthy of protection. *See* Manual Complex Lit. § 10.221 (4th ed.) (discussing counsel organization: "The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy without jeopardizing fairness to the parties.").

   Finally, while Plaintiffs Rynasko, Morales and Guidry reserve the right to fully respond to all such arguments should the appropriate time arise, Plaintiff Zagoria's misguided attacks on the claims of other plaintiffs are just that, misguided. As one example, he attacks the purported sufficiency of Plaintiffs Morales and Guidry by contending that they lack standing to seek injunctive relief as "former NYU students." Dkt. 8 at 11-13. But Zagoria's Complaint and memorandum note that he is due to graduate at the end of the summer semester of 2020. Dkt. 8 at 13-14 (quoting Zagoria Complaint, ¶ 6). NYU's summer session ends August 16, 2020 so Plaintiff Zagoria will shortly be in the same position as other plaintiffs in the case – an NYU graduate. *See* Ex. B (NYU Summer). Assuming arguendo his cases even apply, Plaintiff Zagoria will soon be leaving NYU, thus highlighting the weakness of this attempted distinction. Dkt. 8 at 12 (quoting *Fox v. Board of Trustees of State University of New York*, 42 F.3d 135, 140 (2d Cir. 1994), for its statement that "[t]he [injunctive] relief sought in the Complaint could provide no legally cognizable benefits to Plaintiffs once they had left the SUNY system.") (second alteration in original).

And as another example, regarding Plaintiff Guidry, Plaintiff Zagoria asserts that she "was *merely* a part-time student at NYU and so '*lacks the same stake in any monetary relief* being sought to vigorously and fully represent interests of the putative class members as currently enrolled full-time students with a lot more riding on the outcome and in any classwide recovery that may be obtained.'" Dkt. 8 at 13 (emphases added).  But Zagoria makes no reference to his financial aid status, his out-of-pocket expenses, and ignores the possibility that a part-time student may be out-of-pocket more than a full-time student.  *See generally* Dkt. 8.  Ultimately, such differences in extent of damage are irrelevant and provide no barrier to class certification.  *See, e.g., Westchester Indep. Living Ctr., Inc. v. State Univ. of New York*, Purchase Coll., 331 F.R.D. 279, 292 (S.D.N.Y. 2019) ("[F]actual differences among the claims of class members do not preclude a finding of commonality.") (alteration in original, citation omitted); *Paguirigan v. Prompt Nursing Employment Agency LLC*, No. 17-CV-1302 (NG) (JO), 2018 WL 4347799, at *9 (E.D.N.Y. Sept. 12, 2018) (noting "individual damages calculations do not preclude class certification") (citing *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 408 (2d Cir. 2015)).  Thus, Plaintiff Zagoria's efforts to advance his claims over those of other Plaintiffs undercut his request to appoint only his counsel as interim class counsel.

## **CONCLUSION**

Far from confirming "that Zagoria's counsel researched and crafted the class action complaint best suited to advance the interests of the class" or that his "counsel therefore have the best claim to be appointed Interim Class Counsel," Dkt. 8 at 14, Plaintiff Zagoria's motion followed no attempt to meet and confer.  Nor did it follow any attempt to work cooperatively with others that filed related cases or otherwise streamline these cases.  On top of these concerns, Plaintiff Zagoria employs unnecessary and inflammatory rhetoric, inappropriately pitting pit counsel against counsel and one damaged student against others damaged by the conduct

challenged here.  Ultimately, in appointing interim class counsel, the Court should appoint interim counsel who will operate to cooperatively protect and advance claims without seeking to exclude others:  Bursor & Fisher and Hagens Berman.  Accordingly, Plaintiffs Rynasko, Morales and Guidry respectfully request that the Court grant Plaintiff Zagoria's request to consolidate related actions, but deny his request to appoint only his counsel as interim lead counsel.  Plaintiffs Rynasko, Morales and Guidry further request that the Court grant them all such other relief as the Court deems necessary and appropriate.

Dated: June 30, 2020

Respectfully submitted,

By:  /s/ Joseph I. Marchese
Joseph I. Marchese
Andrew Obergfell
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Email: jmarchese@bursor.com
         aobergfell@bursor.com

Sarah N. Westcot (*Pro Hac Vice* forthcoming)
BURSOR & FISHER, P.A.
701 Brickell Ave, Suite 1420
Miami, FL 33133
Telephone: (605) 330-5512
Email: swestcot@bursor.com

*Attorneys for Plaintiff Christina Rynasko, on behalf of herself and all others similarly situated*

Nathaniel A. Tarnor (Bar No. 4742797)
HAGENS BERMAN SOBOL SHAPIRO LLP
555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 752-5455
Email: nathant@hbsslaw.com

Steve W. Berman (*Pro Hac Vice* forthcoming)

>HAGENS BERMAN SOBOL SHAPIRO LLP
>1301 Second Avenue, Suite 2000
>Seattle, WA 98101
>Telephone: (206) 623-7292
>Email: steve@hbsslaw.com
>
>Daniel J. Kurowski (*Pro Hac Vice*)
>Whitney K. Siehl (*Pro Hac Vice*)
>HAGENS BERMAN SOBOL SHAPIRO LLP
>455 N. Cityfront Plaza Dr., Suite 2410
>Chicago, IL 60611
>Telephone: (708) 628-4949
>Email: dank@hbsslaw.com
>    whitneys@hbsslaw.com
>
>*Attorneys for Plaintiffs Serina Morales and Adriana Guidry, individually and on behalf of all others similarly situated*